Good morning, Verna Weifold on behalf of Shelby Harris Appellant. The two issues in this case, and the first issue is somewhat complicated, I do concede, as I must, that Crawford does not apply to the first issue. Kagan That's apparently what the Supreme Court told us. HENRY Yes. And but we have two hurdles to get over. And one is, first, the issue of the doctrine of fortitude by wrongdoing, and then the doctrine of law of the case. Crawford no longer applies, but there is the issue of Lilly v. Virginia, the Sixth Amendment claim that was ruled on by the State Court of Appeal. This Court, Your Honor, Judge McCown, ruled in the James v. Mitchell case, and it's an unpublished decision, but it is – GINSBURG Well, there was an unpublished decision before we're permitted to cite those, so we don't – HENRY So – GINSBURG We need to rely on – And so the issue is, under the doctrine of forfeiture by wrongdoing, this is not the case for this Court to make a ruling on the doctrine of forfeiture by wrongdoing. That doctrine, this Court – it's kind of a hot issue these days. I think people are seizing on it because of the language that came down in Crawford and Davis. If Crawford and Davis don't apply, there's no precedent in this Court for specifically the doctrine of forfeiture by wrongdoing in the circumstances. And the Court of Appeal, the State Court of Appeal – well, the prosecution at the trial level, when it sought to introduce the statements of George Taylor, through his attorney, did not rely on the doctrine of forfeiture by wrongdoing. That was not ruled on by the Court of Appeal. And the standard for which the doctrine of forfeiture by wrongdoing should govern is really unsettled. There is case law over the mat. Don't we come back – I mean, after Crawford, don't we go back to the Roberts case and try to benchmark the case against that standard? That's correct. I think we would go back to – and the case really governs the case. And why – and so if that's the controlling Supreme Court case, and the State Court determined there was trustworthiness, correct? That is what the State Court found. Why – what is it that would be an unreasonable application or contrary to Supreme Court law in that determination? Because the California Court of Appeal did not consider a number of factors regarding the trustworthiness of that statement. One, Ms. Harris was specifically blamed by George Taylor, according to the attorney, for the person who instigated the whole thing. He said that he committed this murder as a favor to Ms. Harris. So he was under Lilly v. Virginia. He was not simply inculpating himself, but he was shifting the blame to her for the one who was responsible for it. Well, he certainly was not really shifting the blame very far, and then he has confessed to committing the murder. I had another question. Did anybody raise the issue of whether the attorney of privilege dies with the death of the one who speaks? I believe that in the State Court proceedings, the issue regarding the privilege was – there's a California evidence code specifically holds that the holder of the privilege is – or the privilege only applies to the holder of the privilege, which would have been Mr. Taylor. And as I believe the Swidler in Berlin case, the United States Supreme Court decision in there. So unfortunately, I would like the law to be more in my favor in that regard, but I'm not going to push that point. The – and in terms of the trustworthiness also, the State Court of Appeal did not consider the fact that Mr. Taylor told numerous different stories of two different people after he was released. Also, to the attorney, he told different stories, and that impacts on the trustworthiness of it. And in regard to the law of the case, we are dealing with a different defendant. I know that it was covered in the State Court governing all three defendants who had a joint trial and a joint appeal, but there were three different juries here, and the law of the case is not absolute. But if we – if the Court finds that law of the case applies, and we clearly don't want to get to the doctrine of forfeiture by wrongdoing, it's not necessary. This Court will have other opportunities to rule on that doctrine, and this is not the case. Regarding the second issue, the failure to grant a continuance in that case, the State Court of Appeal cited only Penal Code Section 1050, saying – basically holding her to the technical requirements, failing to have filed her letter well in advance. And in this particular case, the Court of the – in the – excuse me, counsel argued that this was an unconstitutional due process violation for failure to grant a continuance so that she could retain new counsel to file the motion for a notice of – I mean, excuse me, for a new trial. The only reason given by the trial court and upheld by the Court of Appeal was the inconvenience of the family members of the victims who could have come back at any time and did not cite any United States Supreme Court authority, although they're not required to. It clearly is contrary to an unreasonable application of the – Was it an abuse of discretion? I guess that's the issue. I'm sorry, Your Honor. Was it an abuse of discretion not to grant the continuance? It certainly was an abuse of discretion not to grant a continuance. Even under – just to hold her to strict requirement of Penal Code Section 1050 without considering the constitutional ramifications of the fact that she did have right to retain counsel and that we're not talking about a major continuance here. Continuances under these circumstances happen all the time. People ask for requests right in the courtroom without filing formal motions. They don't usually come on the day of sentencing asking for a new trial, do they? In the State court, that happens frequently. But it also happens frequently that lawyers walk in and say, I would like a continuance to file a new trial motion on behalf of this defendant. I'm retained. That happens a lot. There was nothing extraordinary about her request in this case. And to fail to grant the continuance when the other side was not going to be prejudiced. And this is not a case of probation here. We're talking about life without parole. But it's a, you know, it's a California procedure. And doesn't it boil down to the trial judge's discretion so long as there's not some constitutional violation? I disagree, Your Honor, because in the State court, there is the decision of people versus courts, which has the California Supreme Court has held that failing to grant a continuance to where a defendant to retain counsel, the sentencing proceedings and so on, and base that on a United States, old United States Supreme Court authority, is a per se reversible due process error. But she wanted to change counsel so she could file a new trial motion, correct? That's correct. And back then, she said that she was not guilty, that her lawyer had not done very much. She had no investigator. And all of that also impacts on why it is that on the day of sentencing, a letter that was drafted a month before was not presented to the court for filing. I mean, how, you know, the reality for criminal defendants in the county jails to get, you know, motions, formal motions or letters filed with the court ahead of time. It's unrealistic to expect her to comply with all of that. Counsel, what do we do with the fact that our court has twice had this precise situation before us and has twice ruled in the context of Ms. Harris' co-defendants that the testimony of Mr. George was not improperly admitted? Now, let's set to one side the question as to whether this is law of the case. Why aren't those decisions binding and highly persuasive on this panel? Even if they're not law of the case. I, for the reasons that the defendant and the Jensen case, the co-defendant Jensen was specifically discussing the Crawford issue, which I concede, because it hadn't been settled at that point. I concede that the Jensen, you know, that really is not the critical issue. The critical case is the James decision. And the reason that that decision should not be binding and that this court should look at this issue anew is because the situation between Lisa James and the statement that was admitted by the lawyer and Ms. Harris are completely different because Mr. Taylor, according to the attorney, specifically blames Ms. Harris for starting this whole thing and for being the reason that he acted as he did. And that is why the situation is very different. And because when the court was reviewing the Sixth Amendment claim in regard to Lisa James, there were other issues regarding Ms. Harris that the State court of appeal had not considered. And so while I don't disagree with the court's decision in regard to Lisa James, I believe that we must take a separate look at it in regard to Ms. Harris. And that is the reason it would not be. And if there are no further questions, I'll save a little time for rebuttal. Thank you. Good morning. My name is Scott Taylor, Deputy Attorney General for Respondent. As the court has pointed out, this is the third time that this court is looking at the admissibility of the statements of Mr. Taylor to Mr. Rash, his attorney. And whether or not this is law of the case, as we point out in our brief, it's certainly law of the circuit, which means that unless it's clearly erroneous or it would result in a manifest injustice, you'd look at this. Now, Your Honor, you asked a question about what's the difference between the first two rulings as to Ms. Harris. There is none. There really is none. Factually, there's no difference. The issue that you look at, whether it be under Crawford or under Ohio v. Roberts, well, under Ohio v. Roberts in this context is the reliability of it. Now, in the James decision, which I believe typically, because it's unpublished, wouldn't be citable. But in this case, it's a related case and can be looked on as law of the circuit. The court used the great language. It was unabashedly self-inculpatory. That's exactly what it is. He wasn't ashamed of it. Would you evaluate it in the context of Harris? I mean, just aside from how we may have evaluated it there. Yes. And what I'm saying is. It could be a little different. It might not be. But it's not. I mean, it could be, but it's not. I mean, depending on the circumstances. So I'm not sure that the fact that we evaluated it in another case really is persuasive so much as maybe the same logic will or won't apply. But would you agree we need to look at it in the context of Harris? I think what you have to do. Make an independent judgment? Yes. But I think what you have to do is really have to look and say, is there any distinction between Ms. Harris and Ms. James? And really, there isn't. In this situation, he mentions Ms. James as much as he does Ms. Harris. And as the court pointed out in Harris, that it was eminently reasonable the state court's conclusion as to its reliability. In this case, he wasn't even expressing remorse. He wasn't trying to minimize his position. He was quite proud of the fact that he went in and he put two slugs in the back of Kevin James' head. His only mention of Ms. Harris or Mr. Jensen or Ms. James was to say, here's how I got it done. And he wasn't trying to blame. In fact, he specifically told his attorney, I will never testify against any of the other people that were involved in this case. So essentially, we have the trial court, the state court of appeal, the California Supreme Court, the magistrate, and the district court in this case, and all of those same things in the other two cases that have found that under Ohio v. Roberts, it had indicia for liability and is admitted. In terms of the forfeiture by wrongdoing, I would suggest that this is a perfect case to go into that doctrine. What other case would you have a situation where a jury made a specific finding that Ms. Harris killed Mr. Taylor for the purpose of silencing him as a witness? That's about the best factual finding that you could have to determine that forfeiture by wrongdoing would be done, where a jury has said beyond a reasonable doubt, she killed him because he was a witness in her case. Reynolds, which is an old U.S. Supreme Court case, had talked about forfeiture by wrongdoing a long time ago, both in Davis and in Crawford. They made reference to it, that it exists, and that it applies to extinguished confrontation clause rights. I can't imagine a better case for you to conclude that forfeiture by wrongdoing applies, as the district court in this case decided it did. To answer Your Honor's question, in terms of the attorney-client privilege, that was litigated down below in the trial court, and in fact, for some reason, they decided that they would bring his mother, George Taylor's mother, in to even waive the privilege in front of the trial court. Now, whether or not she actually could claim the privilege, I don't know, but they were trying to be better safe than sorry, I think, in that situation. Let me go on to the second issue. The issue is in terms of the continuance. Let's keep in mind, this isn't a Sixth Amendment issue. This is not a right to counsel issue. This is a due process issue. And in terms of due process under Unger v. Serafit, this is a case of, did the trial court abuse its discretion? Was this so arbitrary that it violated due process? Now, did the trial court hit it right on the money to say that I'm taking this as a motion for new trial, I've watched counsel in this case, and I really think they did a great job, so I'm denying your motion? Well, that's not what the motion was. The motion was to continue the case so that she could get an attorney to bring a motion for a new trial. So, am I saying that the trial court did it exactly right? No. And normally, that's not the case. But here, we have a situation where on the day of sentencing, she comes in and for the time suggests that she wants to do this. I think counsel's suggesting that because she wanted to change counsel and bring a motion for a new trial, her counsel would not have made a motion to continue on her behalf. That really is inconsistent with his conduct throughout the trial and at sentencing. So here she was. She was convicted on the 17th of December. Waive time again, January 19th. And here we are, February 4th, and for the first time, she says, I want to continue this case. Do we know where this letter, supposed letter was during all this time? It was apparently written a couple weeks before this time. Well, we don't know exactly when it was written. We know that the date on it is actually January 20th. But what I think the assumption that everyone made is that Ms. Harris had it with her. She's the one that wrote it. And on the day of trial, that's the first time that it was filed and she brought it to the court's attention. So it wasn't, it was not in the hands of her lawyer. No. It wasn't in the hands of her lawyer, it wasn't filed, and there was no notice ever given to the prosecution. Here we have a situation which calls for the trial court's discretion. You have a situation where for the first time she brings it up. Let's keep in mind that this was going to have no impact on the sentencing. We have a case here where she conspired to murder two people and murdered two people. The second one was special circumstances. Her sentence was going to be 25 to life, consecutive to Elwha. That's the way it was going to be. The only discretion would be for a trial court to find that the two murders were not unique or not unconnected and that's something obviously that a trial court's not going to do. So the issue is the motion for a new trial. The other issue is where is the prejudice? Where is the prejudice? What she's claiming is she didn't have an opportunity to file a motion for a new trial. Since then, she's been involved in a very lengthy appeal, petition for review, collateral proceedings, and not once has Ms. Harris ever mentioned what was she going to present in the motion for a new trial. She hasn't mentioned it once and you don't see it in this appeal. It's just this arbitrary idea of, well, she could have said something. And I think the trial court essentially reacted the way they did because they had watched the conduct and the performance of her attorney in this very, very complicated trial where there was actually three different juries and came to the conclusion that a motion for a new trial based on ineffective assistance to counsel was not even close. Now, it would have been better if the record said, I don't think your counsel was too late in terms of your motion to continue. We have the victims here. This is the date set for it. And you haven't told me why, one, that you're late. You haven't said a word about why you haven't filed this sooner. And secondly, you haven't told us why, what issues you present and what new evidence you would present to the court in the motion for a new trial. They didn't do that. To conclude that the trial court abused its discretion, it was so arbitrary to violate due process, especially where there was no prejudice shown, it doesn't seem to me that you could come to that conclusion. Unless the court has any other questions, I'll submit. Thank you. Thank you. In regard to the doctrine of forfeiture by wrongdoing, I think it would be really wrong for this Court to make a ruling that because someone was convicted of the special circumstances murder in this case, that therefore that doctrine applies. And in the other cases where this has been fleshed out, there usually was no dispute that the defendant was in fact responsible for the unavailability of witness because the defendant conceded or admitted that he had killed the victim or whatever, and the issue was why was the victim killed because of a self-defense, an argument, fight, or something. But Ms. Harris has always contested the fact that she was responsible for Mr. Taylor's murder, and the primary evidence that she was in fact responsible for it comes from the alleged accomplice Mr. Bledsoe, who only got a three-year sentence for special circumstances murder and has prior convictions involving deceit. So that fact that she was convicted should not be a factor in determining that that doctrine applies here. Thank you. I thank both counsel for your arguments. The case of Harris v. Henry is submitted. We'll next have counsel come forward in United States v. Cahokia and Cantor.
judges: B. Fletcher, McKeown, Bybee